# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS. And BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class PAUL E. THOMAS**
**United States Army, Appellant**

ARMY 20150269

Headquarters, Fort Bliss
Timothy F. Hayes, Military Judge
Colonel Karen H. Carlisle, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Andres Vazquez, Jr., JA; Major Daniel E. Goldman, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Captain Steve T. Nam, JA (on brief).

24 October 2016

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of willful disobedience of a superior commissioned officer, four specifications of violating a lawful general regulation, one specification of false official statement, and two specifications of assault consummated by a battery, in violation of Articles 90, 92, 107, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 907, and 928 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence extending to a bad-conduct discharge, confinement for 120 days, and reduction to the grade of E-4.

This case is before us for review pursuant to Article 66, UCMJ. Appellate counsel raised one assignment of error which merits discussion but no relief. Appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) which we find, after due consideration, to be without merit. In his sole assignment of error, appellant alleges the military judge erred by misinterpreting *United States v. Griggs*, 61 M.J. 402 (C.A.A.F. 2005), and erroneously allowed the government to introduce impermissible rebuttal testimony on sentencing. We disagree for the reasons set forth below.

## BACKGROUND

Appellant was convicted, pursuant to his pleas of, *inter alia*, one specification of violating a lawful general regulation by wrongfully having a relationship with Private AP, and one specification of violating a lawful regulation by wrongfully having a relationship with Sergeant AC. At the sentencing portion of trial, appellant produced nine witnesses, five of whom testified, in pertinent part, that they would serve with appellant again. In rebuttal, the government called four witnesses, Private (PVT) AP, Sergeant (SGT) AC, Major (MAJ) JT, and Captain (CPT) JA, who all testified that they would not want to serve with appellant again.

Appellant asserts several reasons why the military judge erred by allowing the government to introduce impermissible rebuttal testimony. With regard to the testimony of PVT AP and SGT AC, appellant points out they both were victims in the case, and both testified under a grant of immunity. Major JT, the brigade S-2 (intelligence officer), was the original investigating officer in the case. Appellant avers that these witnesses cannot reasonably be found to represent "a consensus view of the command." *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005) (quoting *United States v. Aurich*, 31 M.J. 95, 96-97 (C.M.A. 1990)). In addition, appellant asserts their testimony did not constitute proper rebuttal because none of the defense witnesses called earlier in the proceeding had claimed MAJ JT, SGT AC, or PVT AP wanted to serve with the appellant.

## LAW AND DISCUSSION

A military judge's decisions to admit or exclude evidence are reviewed for an abuse of discretion. *United States v. Eslinger*, 70 M.J. 193, 197 (C.A.A.F. 2011) (citation omitted). In *Griggs,* our superior court held that Rule for Courts-Martial [hereinafter R.C.M.] 1001(b)(5)(D), despite precluding a witness from offering an opinion on whether an accused should receive a punitive discharge, "does not apply to defense mitigation evidence, and specifically does not preclude evidence that a witness would willingly serve with the accused again." 61 M.J. at 409. The *Griggs* court went on to hold:

> Consistent with the historical concerns regarding command influence, the Government is free to rebut such assertions. As stated in *Aurich*, [31 M.J. at 95-97], if an accused 'opens the door' by bringing witnesses before the court who testify that they want him or her back in the unit, the Government is permitted to prove that that is not a consensus view of the command."

*Id.* at 410 (citation omitted). Our superior court continues to adhere to this view. *Eslinger*, 70 M.J. at 198. The court in *Eslinger* went on to caution that such rebuttal testimony must not "raise the specter of command influence." *Id.* at 199 (quoting *Griggs*, 61 M.J. at 408). Also, as the Military Rules of Evidence are applicable to sentencing, "a lay witness must have a proper foundation to offer an opinion." *Eslinger*, 70 M.J. at 199. Importantly, the court in *Eslinger* stated:

> However, we hasten to note that evidence that the defense witnesses' views are not a consensus view of the command simply means that retaining the accused is not the view of every member of the command. It does not necessarily mean that the Government may parade the commanding officer and the rest of the accused's chain of command to have them give a command view on retention. That would depend on just how wide the defense opened the door."

*Id.* (citations and quotation marks omitted).

It is apparent from the record that the testimony of the government witnesses, called in response to the "retention evidence" proffered by the defense witnesses was proper rebuttal testimony, clearly contemplated by our jurisprudence and that of our superior court. The defense assertion that this testimony was somehow improper because no defense witness had specifically claimed that Private AP, Sergeant AC, or Major JT wanted to serve with appellant is without merit. To lend credence to this argument would eviscerate the holdings in *Griggs* and its progeny. Regarding the specific rebuttal witnesses called by the government, it is apparent that the testimony of Captain JA, appellant's company commander, did not raise the specter of command influence, particularly in light of the parade of defense witnesses willing to testify that they would again serve with appellant. Further, the record demonstrates that the rebuttal witnesses were all familiar with the appellant's character and that a proper foundation was laid for their opinions. Finally, the testimony of the government rebuttal witnesses clearly demonstrate that retaining appellant "is not the view of every member of the command." *Griggs*, 61 M.J. at 410. The military judge did not abuse his discretion by allowing the government rebuttal evidence in this case.

THOMAS—ARMY 20150269

**CONCLUSION**

Upon consideration of the entire record, the findings and sentence are AFFIRMED.

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4